# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40126

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE EDUARDO CHANES-HERNANDEZ,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-730-1

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Jorge Eduardo Chanes-Hernandez was indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. § 2, for possessing with intent to distribute 100 kilograms or more of marijuana. He pled guilty and was sentenced to 30 months of imprisonment. He appeals this sentence, contending

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40126

that the district court misapplied § 3B1.2 of the Sentencing Guidelines[1] and erred in failing to grant a mitigating role adjustment.[2]  We affirm.

## I

Border Patrol agents in Cameron County, Texas saw signs of foot traffic and a cellophane wrapper on a trail.  They searched the area, following pieces of cellophane wrappers, and found ten bundles of marijuana and seven people, including Chanes-Hernandez, located within 50 to 300 yards of the bundles.  All of the seven subjects who were detained had strap markings on their shoulders.  The bundles collectively contained 729 pounds (330 kilograms) of marijuana.  Ultimately, Chanes-Hernandez was the only suspect who was indicted for the drug trafficking offense.  He confessed that he knew he was transporting a controlled substance illegally within the United States and said that he was to have been paid $250.

The district court accepted Chanes-Hernandez's guilty plea, and at sentencing, he was held accountable for the entire amount of marijuana seized.  He does not challenge that determination.  The Presentencing Report (PSR) calculated an advisory Guidelines range of 30 to 37 months of imprisonment.  The PSR had recommended that Chanes-Hernandez not receive a reduction under § 3B1.2, which is entitled "Mitigating Role," and he filed a motion seeking an adjustment to his offense level, contending that his role was minor.  The district court denied that motion and sentenced him to 30 months of imprisonment.  This appeal followed.

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 (U.S. SENTENCING COMM'N 2015) [hereinafter U.S.S.G.].

[2] *See id.*

No. 16-40126

## II

Chanes-Hernandez was sentenced January 25, 2016, after Amendment 794, which amended the commentary to § 3B1.2, became effective November 1, 2015. The parties agree that the amended commentary to § 3B1.2 applies, and sentencing courts generally apply "the Guidelines Manual in effect at the date of sentencing."[3] The motion that Chanes-Hernandez filed seeking a reduction of his offense level, and his arguments to the district court at the sentencing hearing in support of that motion, relied on Amendment 794. There is no contention that the district court applied the version of § 3B1.2 in effect prior to the November 1, 2015 amendments. Chanes-Hernandez contends only that the district court misconstrued and misapplied the commentary to § 3B1.2, as amended.

We recently issued a published decision involving very similar facts, in *United States v. Torres-Hernandez*.[4] In the interest of brevity, we will not repeat that opinion's discussion of the reasons the Commission expressed for promulgating Amendment 794.[5]

"The district court's 'interpretation or application of the Sentencing Guidelines' is reviewed *de novo*, while its factual findings are reviewed for clear error."[6] Whether a defendant "was a minor or minimal participant is a factual determination that we review for clear error."[7] In this context, we have held that "[a] district court's factual findings are not clearly erroneous if they are

---

[3] *See United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016); *United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004); *accord* U.S.S.G. § 1B1.11(a).

[4] __ F.3d __ (5th Cir. 2016).

[5] *See id.*

[6] *United States v. Lige*, 635 F.3d 668, 670 (5th Cir. 2011) (quoting *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)).

[7] *Gomez-Valle*, 828 F.3d at 327 (quoting *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005)).

'plausible in light of the record as a whole.'"[8]  We have further held that "[a] party seeking an adjustment in the base level of an offense bears the burden of proving by a preponderance of the evidence that the adjustment is warranted."[9]

In his motion in the district court for a mitigating role adjustment under § 3B1.2, Chanes-Hernandez cited Application Note 3(A), contending that his participation in the offense was limited to transporting drugs and that he was held accountable under § 1B1.3 of the Guidelines only for the quantity he personally transported.    Chanes-Hernandez reasserts this argument on appeal.    However, he is incorrect both as to the facts and as to what the Guidelines provide.    Application Note 3(A) to § 3B1.2 provides guidance for determining when a defendant who plays a part in committing the offense is "substantially less culpable than the average participant."[10]  This part of the commentary, which was essentially unchanged by Amendment 794, explains:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.[11]

Chanes-Hernandez was held accountable for more than "only . . . the quantity of drugs [he] personally transported."[12]  He was held accountable for

---

[8] *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001) (quoting *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998)).

[9] *Id.* (citing *United States v. Patterson*, 962 F.2d 409, 414 (5th Cir. 1992)).

[10] U.S.S.G. § 3B1.2 n.3(A).

[11] *Id.*

[12] *Id.*

No. 16-40126

the 729 pounds (330 kilograms) of marijuana that the group of which he was a part transported. An example in Application Note 4(C)(viii) to § 1B1.3 addresses the culpability of transporters such as Chanes-Hernandez:

> Defendants T, U, V, and W are hired by a supplier to backpack a quantity of marihuana across the border from Mexico into the United States. Defendants T, U, V, and W receive their individual shipments from the supplier at the same time and coordinate their importation efforts by walking across the border together for mutual assistance and protection. Each defendant is accountable for the aggregate quantity of marihuana transported by the four defendants. The four defendants engaged in a jointly undertaken criminal activity, the object of which was the importation of the four backpacks containing marihuana (subsection (a)(1)(B)), and aided and abetted each other's actions (subsection (a)(1)(A)) in carrying out the jointly undertaken criminal activity (which under subsection (a)(1)(B) were also in furtherance of, and reasonably foreseeable in connection with, the criminal activity).[13]

This example then contrasts when it would be appropriate to hold a defendant accountable only for the amount he transported:

> In contrast, if Defendants T, U, V, and W were hired individually, transported their individual shipments at different times, and otherwise operated independently, each defendant would be accountable only for the quantity of marihuana he personally transported (subsection (a)(1)(A)). As this example illustrates, the scope of the jointly undertaken criminal activity may depend upon whether, in the particular circumstances, the nature of the offense is more appropriately viewed as one jointly undertaken criminal activity or as a number of separate criminal activities. *See* Application Note 3(B).[14]

Accordingly, the statement in Application Note 3(A) to § 3B1.2 that "[a] defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a

---

[13] *Id.* § 1B1.3 n.4(C)(viii).
[14] *Id.*

5

limited function in the criminal activity may receive an adjustment under this guideline" is inapplicable to Chanes-Hernandez.

In his motion in the district court for a mitigating role adjustment, Chanes-Hernandez quoted Application Note 3(C) to § 3B1.2, which provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."[15]  As noted, Chanes-Hernandez told authorities when he was apprehended that he was to have been paid $250 for transporting marijuana.  However, the commentary's statement that a defendant who comes within this parameter should be considered for an adjustment is not a requirement that the district court grant an adjustment.  It is one of many factors to be considered by a sentencing court.

Chanez-Hernandez also contended in his motion that he lacked knowledge of the scope and structure of the enterprise and did not participate in planning or organizing the criminal activity.  While Chanez-Hernandez may not have been aware of the entire scope or structure of the activity and may not have participated in planning or organizing the possession of this marijuana by the transporters, he was certainly aware that the ten bundles of a controlled substance, a substantial amount, was being transported by a group illegally.  He also knew that the purpose of his activity was to further the distribution and sale of this large quantity of a controlled substance within the United States.  The street value of the marijuana was approximately $583,000.

At the sentencing hearing, the district court treated the motion for a mitigating role adjustment as an objection to the PSR and overruled the objection, stating:  "I'm going to overrule the objection.  I found that his role

---

[15] *Id.* § 3B1.2 n.3(C).

was a critical function in bringing the drugs in the United States and he was not [a] minor participant." Counsel for Chanes-Hernandez then called the district court's attention to the statement in the commentary to § 3B1.2 that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity."[16] Counsel then reiterated arguments that Chanes-Hernandez did not plan the offense and did not have a proprietary interest in the drugs. The district court was unpersuaded and denied the objection to the PSR.

On appeal, Chanes-Hernandez contends that the district court misapplied the Guidelines and gave controlling weight to a single factor. Chanes-Hernandez relies on the district court's statement at the sentencing hearing that Chanes-Hernandez's "role was a critical function in bringing the drugs in the United States." As an initial matter, we do not take the district court's statement to mean that it based its decision to deny an offense adjustment solely on this finding. The district court also stated "and [Chanes-Hernandez] was not [a] minor participant." This factual finding is supported by many of the factors set forth in the commentary to § 3B1.2. We do not view the district court's brief statement as encompassing all of its findings and conclusions and excluding all others. The district court was not required to state on the record how it weighed each of the many considerations set forth in § 3B1.2.

The record, when viewed as a whole, reflects that Chanes-Hernandez's arguments were presented in writing and orally to the district court and that the district court considered them. The district court had the facts and

---

[16] *Id.*

competing conclusions that could be drawn from them before it.  The court's factual finding that Chanes-Hernandez was not a minor participant is not clearly erroneous.

In addition to the factors discussed above, the evidence fully supports the district court's implicit conclusion that Chanes-Hernandez was not substantially less culpable than the average participant in the criminal offense of which he was convicted.  Amendment 794 explains that "average participant," as used in § 3B1.2, "means only those persons who actually participated in the criminal activity at issue in the defendant's case, so that the defendant's relative culpability is determined only by reference to his or her co-participants in the case at hand."[17]  Chanes-Hernandez was no more or less culpable than the other transporters of the marijuana.  There was no evidence as to the participation, or expected participation, of others involved in this offense.

The Presentence Report does not discuss in any detail a mitigating role adjustment.  But that is not dispositive of whether the district court considered the various factors set forth in the commentary to § 3B1.2.

The commentary to § 3B1.2, including the explanations in Amendment 794 for the revisions to that commentary, does not require, as a matter of law, that an adjustment must be made for transporters such as Chanes-Hernandez.  The commentary and Amendment 794 instead confirm that there are many factors that a sentencing court should consider, and how those factors are weighed remains within the sentencing court's discretion.  The Guidelines expressly provide that *whether* to grant a reduction in the offense level based

---

[17] U.S.S.G. app. C, amend. 794, at 116-18 (Supp. Nov. 1, 2015) (citing *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006); *United States v. Benitez*, 34 F.3d 1489, 1498 (9th Cir. 1994); *United States v. DePriest*, 6 F.3d 1201, 1214 (7th Cir. 1993)).

No. 16-40126

on a defendant's participation in the offense "involves a determination that is heavily dependent upon the facts of a particular case."[18]

*     *     *

We AFFIRM the district court's judgment.

---

[18] U.S.S.G. § 3B1.2 n.3(C).