# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50564

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MIGUEL CAMPOS JIMENEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC 3:15-CR-1306-1

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Miguel Campos Jimenez appeals his sentence for possession with intent to distribute marijuana. Specifically, he challenges the district court's denial of a minor role adjustment under U.S.S.G. § 3B1.2(b), which allows for a two-level reduction in a defendant's offense level if the defendant was a minor participant in the criminal activity. Campos also argues that his sentence is substantively unreasonable. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50564

I

In July 2015, Campos was arrested at a U.S. Border Patrol checkpoint in Sierra Blanca, Texas, after a narcotics-detecting canine alerted agents to 176 wrapped bundles of marijuana concealed in the vehicle Campos was driving. On January 4, 2016, Campos pleaded guilty without a plea agreement to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The Presentence Report (PSR) calculated a Sentencing Guidelines range of 33 to 41 months of imprisonment, based on an offense level of 19 and a criminal history category of II. In calculating Campos's Guidelines range, the PSR noted that "there [was] insufficient information to accurately assess [Campos's] role in the instant offense." As a result, the PSR concluded that "an adjustment for role in the instant offense [was] not warranted."

Campos objected to the PSR on the ground that he should receive a two-level adjustment as a minor participant in the criminal activity pursuant to U.S.S.G. § 3B1.2(b). At his request, the district court reset the initial sentencing proceeding to allow Campos to present facts to show that he was entitled to an adjustment. In a letter to the court, Campos explained that financial difficulties had led him to contact a former associate, "Shadow," to ask for work transporting drugs. According to Campos, Shadow offered to pay him $50 per pound to smuggle 70 pounds of marijuana across the border. Shadow purchased a vehicle to transport the marijuana and instructed Campos to register it in Texas. At a later meeting, Shadow took the vehicle, returned four hours later, and told Campos to drive through the Sierra Blanca checkpoint, after which he would receive further instructions. The Government reviewed the facts Campos provided and took no position on the issue of his role in the offense.

2

No. 16-50564

At sentencing, the district court gave Campos's attorney an opportunity to reiterate Campos's arguments in favor of the adjustment. After hearing from both Campos and his attorney, however, the court ultimately determined that it would not grant the reduction, explaining that it was not "appropriate in this case." The court imposed a 33-month term of imprisonment and a three-year term of supervised release. Campos now appeals, challenging the district court's denial of the minor role adjustment and contending that the sentence imposed is substantively unreasonable.

II

Campos first argues that the district court erred by refusing to apply U.S.S.G. § 3B1.2, which "provides a range of adjustments for a defendant who plays a part in committing the offense that makes [the defendant] substantially less culpable than the average participant[.]" § 3B1.2 cmt. n.3(A). This court reviews a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). Whether a defendant qualifies as a minor participant in the criminal activity is a factual finding that we review for clear error. *United States v. Garcia*, 242 F.3d 593, 597–98 (5th Cir. 2001). So long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld. *United States v. Alaniz*, 726 F.3d 586, 618–19 (5th Cir. 2013). A defendant seeking an adjustment based on a mitigating role "bears the burden of proving by a preponderance of the evidence that the adjustment is warranted." *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (quoting *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001)); *see also United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005).

Section 3B1.2 instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any

3

criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's participation fell somewhere in between "minimal" and "minor." U.S.S.G. § 3B1.2. Minimal participants "are plainly among the least culpable of those involved in the conduct of a group." § 3B1.2 cmt. n.4. By contrast, minor participants are "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2 cmt. n.5.

Whether to grant a reduction in the offense level based on a defendant's participation in the offense "involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2 cmt. n.3(C). In assessing culpability, the commentary to § 3B1.2 provides a non-exhaustive list of factors for courts to consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* The commentary also notes that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

We have emphasized that the factors listed in the commentary to § 3B1.2 "are nonexclusive, and . . . are only factors." *Torres-Hernandez*, 843 F.3d at

209. Further, "how [the] factors are weighed remains within the sentencing court's discretion." *Id.* at 210; *see also United States v. Chanes-Hernandez*, No. 16-40126, 2016 WL 7118500, at *3 (5th Cir. Dec. 6, 2016) (unpublished) (clarifying that the commentary's discussion of a defendant's lack of proprietary interest in the criminal activity "is not a requirement that the district court grant the adjustment," but is instead "one of many factors to be considered by a sentencing court"). We have also observed that "[a] defendant's role 'turns upon culpability, not courier status.'" *United States v. Aguilera*, 655 F. App'x 213, 216 (5th Cir. 2016) (unpublished) (quoting *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989)).

Campos contends that, in light of the factors listed in the commentary, the district court clearly erred by finding that he did not have a minor role in the offense. He argues that he did not know where the marijuana originated from or its final destination and that Shadow was his only contact—facts which he contends show that he did not know the scope of the operation or participate in planning. Moreover, he argues, he did not have decision-making authority or discretion, and he had no proprietary interest in the smuggling operation and was simply paid to register the vehicle and drive through the checkpoint.

These arguments were before the district court when it made its determination and were considered, but ultimately rejected. In doing so, the district court highlighted a number of other relevant factors, such as the large quantity of marijuana Campos was transporting and his previous involvement in the drug trade, including a prior conviction for the same offense. The PSR, which the district court adopted, also reflected Campos's previous involvement in similar criminal activity, noting that, in addition to his prior conviction for importation of marijuana, Campos admitted to successfully smuggling marijuana into the United States on three other occasions for the same drug trafficking organization. *See Torres-Hernandez*, 843 F.3d at 205 (upholding

denial of the adjustment where "[t]he prosecutor argued that the district court could infer from [a] prior conviction that [the defendant] had some knowledge of the drug trafficking organization and how it worked"). And, by Campos's own admission, he was the person who initiated contact with and sought out his former associate, Shadow, to again secure work in a drug transport operation.

Based on the facts described by the district court at sentencing, as well as those in the PSR and Campos's letter to the court, the district court's determination that Campos was not a minor participant and thus not entitled to an adjustment is plausible based on the record, even if a contrary conclusion would have been plausible as well. *See Torres-Hernandez*, 843 F.3d at 210; *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("A district court . . . may grant a minor role reduction even if some of the factors weigh against doing so, and it may deny a minor role reduction even if some of the factors weigh in favor of granting a reduction."); *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) ("The district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error [s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." (internal quotation marks and citation omitted)). And the record makes clear that Campos's arguments in favor of the adjustment "were presented in writing and orally to the district court and that the district court considered them." *Chanes-Hernandez*, 2016 WL 7118500, at *4.[1]

---

[1] Although the PSR did "not discuss in any detail a mitigating role adjustment or any of the factors presented in the commentary[,] . . . [t]hat is not dispositive of whether the district court considered the various factors set forth in the commentary to § 3B1.2." *Torres-Hernandez*, 843 F.3d at 209. Moreover, "[t]he district court was not required to expressly weigh each factor in § 3B1.2 on the record." *Id.*

No. 16-50564

Accordingly, the district court's denial of the minor role adjustment did not constitute clear error.

### III

Campos next argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). A defendant may rebut the reasonableness presumption "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Because Campos did not object in the district court to the substantive reasonableness of the sentence, we review only for plain error. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). "Under this standard, we will disturb the sentencing determination only if '(1) there is error . . . , (2) it is plain; and (3) it affects substantial rights.'" *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013) (alteration in original) (quoting *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007)). If those requirements are satisfied, we may exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Peltier*, 505 F.3d at 392 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Campos contends that his sentence represents a clear error of judgment because his personal history and circumstances mitigated the seriousness of the offense, requiring a lower sentence. However, the district court was aware of and discussed Campos's history and characteristics when it imposed the within-guidelines sentence, and the record is clear that the district court

No. 16-50564

considered those factors.  As we have explained, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Campos-Maldonado*, 531 F.3d at 339.  In effect, Campos disagrees with the district court's decision and asks this court to reweigh the § 3553(a) factors, but that is outside the scope of our review. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, relying on the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), Campos argues that his sentence is excessive, because U.S.S.G. § 2D1.1 is not empirically based and overstates the significance of the type and quantity of drug involved.  As the Government notes, we have repeatedly rejected this argument.  *See United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009) (concluding that *Kimbrough* does not question the presumption of reasonableness or require an independent analysis of the empirical grounding behind each individual guideline); *see also United States v. Rodriguez*, 660 F.3d 231, 232–33 (5th Cir. 2011); *United States v. Mondragon–Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

Accordingly, Campos has failed to show that the 33-month sentence constituted reversible plain error.

IV

For the foregoing reasons, we AFFIRM the district court's judgment.

8