# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41146

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

RUTH RAMIREZ-ESPARZA,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-135-1

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant appeals the district court's denial of a mitigating role adjustment under U.S.S.G. § 3B1.2. We affirm.

## I.    Procedural & Factual History

In February 2016, Border Patrol agents observed a Chevrolet Suburban driving towards the Rio Grande. After the Suburban stopped near the river, a man approached and opened the rear doors. Six men, each carrying a large bundle, began walking towards the Suburban from the brush. Agents

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41146

approached and saw that the driver was female.  The Suburban drove away at a high rate of speed before any of the bundles were loaded.  The men abandoned their bundles and fled back towards the Rio Grande.  A total of 163.7 kilograms ("kgs") of marijuana was recovered.

Agents tracked the Suburban to a nearby restaurant and spoke with the driver, Defendant-Appellant Ruth Ramirez-Esparza.  She admitted to driving the Suburban to pick up the marijuana, which she then was supposed to deliver to an unknown location.  In Ramirez-Esparza's post-arrest statement, she said that she had been hired by Juan Hernandez to retrieve the marijuana. Ramirez-Esparza explained that Hernandez worked for Jose Quintero-Alvarado, who was supposed to pay her $2,500.  She stated that Hernandez left the Suburban at her home the night before her arrest and instructed her to follow a white pickup truck to another location after retrieving the marijuana.  Ramirez-Esparza also admitted that, approximately one week earlier, she successfully retrieved five bundles of marijuana from the same location for Quintero-Alvarado.

Ramirez-Esparza ultimately pleaded guilty to possession with intent to distribute approximately 163.7 kgs of marijuana. The Presentence Investigation Report ("PSR") assessed a base offense level of 24.  The PSR noted that Ramirez-Esparza had no supervisory authority, but it did not recommend a mitigating role adjustment because her role as a "drug courier was essential in the perpetration of the offense."  The PSR calculated a Guidelines range of 37 to 46 months' imprisonment, but it also found that Ramirez-Esparza was subject to a mandatory minimum sentence of 60 months' imprisonment.  The PSR further noted, however, that if she received the benefit of the "safety valve" provisions, Ramirez-Esparza's Guidelines range would be 30 to 37 months' imprisonment and she would not be subject to the mandatory minimum sentence.

No. 16-41146

Ramirez-Esparza filed written objections to the PSR's recommendation against awarding a minor role adjustment.  She argued that she was one of several participants in the offense; she had been recruited by others; her role was limited to transporting marijuana in the Brownsville, Texas area; she did not have an ownership interest in either the marijuana or the Suburban; and she did not have any decision-making authority.  Ramirez-Esparza reurged these objections at sentencing.  The Government agreed at sentencing that she was a minor participant.

Nevertheless, the district court disagreed and expressed concern that Ramirez-Esparza had engaged in similar conduct on at least one prior occasion. It denied an adjustment, stating that "I think if you do something more than once and are active in a series of crimes, you're not playing a minor role."  The district court did grant relief under the "safety valve" provisions though, and reduced her applicable Guidelines range to 30 to 37 months.  The district court imposed a sentence of 30 months' imprisonment with a 3-year term of supervised release.  The district court also allowed Ramirez-Esparza a week to settle her family affairs before voluntarily surrendering into custody. Ramirez-Esparza filed this appeal.

## II.    Standard of Review

A district court's denial of a mitigating role adjustment and its factual determination as to whether a defendant was a minor participant is reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."  *Id*.

## III.    Discussion

On appeal, Ramirez-Esparza challenges the district court's refusal to grant a mitigating role adjustment.  Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that

3

makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. 3(A). The defendant has the burden of demonstrating entitlement to a mitigating role adjustment. *United States v. Perez-Solis*, 709 F.3d 453, 471 n.57 (5th Cir. 2013). The decision whether to apply Section 3B1.2 is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. 3(C).

Amendment 794, which was in effect at the time Ramirez-Esparza was sentenced, augmented the commentary to Section 3B1.2 by providing a "nonexhaustive list of factors" to be considered in making a mitigating role assessment. U.S. Sentencing Guidelines Manual app. C, amend. 794 (U.S. Sentencing Comm'n Supp. 2015). These factors include (i) "the degree to which the defendant understood the scope and structure of the criminal activity"; (ii) "the degree to which the defendant participated in planning or organizing the criminal activity"; (iii) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (v) "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2 cmt. 3(C)(i)-(v). Two additional provisions follow the list of factors. The first states, as an example, that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment." *Id*. § 3B1.2 cmt. 3(C). The second provides that a defendant who "performs an essential or indispensable role in the criminal activity . . . may receive an adjustment under [§ 3B1.2] if he or she is substantially less culpable than the average participant in the criminal activity." *Id*.

No. 16-41146

According to Ramirez-Esparza, the district court denied the minor role adjustment for the sole reason that she had admitted to retrieving marijuana on a previous occasion and thus the court erred in failing to consider the non-exhaustive list of factors contained in Amendment 794. She complains that had she received the adjustment, her total offense level would have been 17, yielding a Guidelines range of 24 to 30 months' imprisonment. Since both the district court and parties agreed that she should receive a sentence at the low end of the advisory Guidelines range, her sentence would likely have been 24 months without the alleged error. She further contends that the Government cannot meet its burden to show that the district court would have imposed the same sentence had it not erred. We disagree and conclude that the district court did not err in declining to award the mitigating role adjustment.

Ramirez-Esparza argues that the district court's statement during sentencing that she had engaged in similar conduct on another occasion, is not a listed factor precluding a reduction. Although the district court did state at sentencing that Ramirez-Esparza had engaged in similar conduct on another occasion and this is not a listed factor to consider for a reduction,[1] the list of factors provided is "non-exhaustive" and does not preclude consideration of other factors. *See* U.S.S.G. § 3B1.2 cmt. 3(C); *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016) (describing the list in Section 3B1.2's commentary as "nonexclusive" and "only factors"). Further, in light of Ramirez-Esparza's admission that she had recently committed a similar offense with at least one other person involved in the instant offense, the district court did not err by considering this factor.

---

[1] As the Government points out, this court's precedent indicates that it is not improper for a district court to consider a defendant's repeated criminal activity in determining whether to grant a minor role adjustment. *United States v. Castro*, 843 F.3d 608, 614 (5th Cir. 2016).

Ramirez-Esparza also argues that the district court erred by focusing on this one factor rather than considering all of the listed factors.  We disagree. A district court is "not required to expressly weigh each factor in § 3B1.2 on the record."  *Torres-Hernandez*, 843 F.3d at 209.  The record reveals that the district court was presented with facts and arguments implicating other listed factors both in the PSR documents, Ramirez-Esparza's written objections to the PSR, and at sentencing.  *See id.* at 209–10 (finding that defendant's objections and the arguments of the parties adequately placed the issues before the court); *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (same). Regardless, the fact that the district court mentioned Ramirez-Esparza's admission of her previous criminal activity does not indicate that this was the sole factor the district court considered in denying the minor role adjustment.[2]

Moreover, the ultimate issue here is whether Ramirez-Esparza was "*substantially less* culpable than the average participant in the criminal activity."  U.S.S.G. § 3B1.2 cmt. 3(A) (emphasis added); *see also Castro*, 843 F.3d at 613 (holding that the defendant was not entitled to an adjustment because she failed to show the culpability of the average participant and failed to show that she was substantially less culpable than the average participant); *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir. 2001) (stating that a Section 3B1.2 adjustment is not warranted simply because a defendant "does less than other participants").  Here, the only other participants identified in

---

[2] We also note that the district court adopted the PSR, which found that Ramirez-Esparza's conduct did not warrant an adjustment because she "was essential in the perpetration of the offense."  While the new commentary to the amendment indicates that an "essential role" finding alone should not preclude an adjustment, it does not prohibit a district court from considering this as a factor.  *See* U.S.S.G. § 3B1.2 cmt. 3(C) (providing that a defendant who plays an essential role "may receive" an adjustment); *Castro*, 843 F.3d at 612–13 (holding that an integral role determination was "still part of § 3B1.2's analysis" and that a district court "does not err by taking into account a defendant's integral role in an offense . . . as long as her role is not the sole or determinative factor in its decision").  Accordingly, the district court's adoption of the PSR was proper.

the instant offense were the six men carrying bundles of marijuana, the person driving the pickup truck that Ramirez-Esparza was supposed to follow, Hernandez, and Alvarado-Quintero. Ramirez-Esparza was arguably less culpable than Hernandez, who hired her, gave her instructions, and delivered the Suburban to her home. She was also arguably less culpable than Quintero-Alvarado, who employed Hernandez, would pay Ramirez-Esparza her fee, and according to Ramirez-Esparza, owned the marijuana. The "average participant" though, would include the six men who carried the individual marijuana bundles that Ramirez-Esparza was directed to retrieve. Ramirez-Esparza's role was to transport all of the individual bundles, in one aggregated load totaling approximately 163.7 kgs of marijuana, away from the border to a location further inside the United States. Because she was responsible for transporting a greater quantity of marijuana than any of the individual men, she was more culpable than the "average participant."[3] Considering these facts and circumstances, we hold that the district court did not err in declining to grant the minor role adjustment since Ramirez-Esparza was not "substantially less culpable than the average participant" in the offense. U.S.S.G. § 3B1.2 cmt. 3(A); *Castro,* 843 F.3d at 613.

## IV. Conclusion

For the foregoing reasons, the sentence imposed by the district court is affirmed in all respects.

---

[3] Ramirez-Esparza's arguments that she was a part of a larger conspiracy, had no proprietary interest in the marijuana, was not involved with the "importation" of the marijuana, had no knowledge of the structure or scope of the enterprise, and had no role in the planning of the offense or any discretionary authority are not dispositive here. Assuming *arguendo* that her assertions are true, for the reasons previously discussed herein, these considerations do not support a determination that she was "substantially less culpable than the average participant" in the instant offense. *Castro*, 843 F.3d at 613.