# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-60494
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO MANGUILA-PAEZ,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-38-11

—————

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Fernando Manguila-Paez appeals his sentence for possession with the intent to distribute methamphetamine, distribution of methamphetamine, and possession of a firearm during a drug trafficking crime. 21 U.S.C. § 841(a), (b)(1)(C); 18 U.S.C. § 924(c)(1)(A). The district court sentenced him within the guidelines range to a total of 157 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60494

imprisonment.    Manguila-Paez challenges the district court's denial of a mitigating role reduction under U.S.S.G. § 3B1.2.

Whether a defendant was a minor or minimal participant is a factual question that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016).  A district court need not expressly weigh each factor in deciding whether to grant a mitigating role reduction.  *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016).  Manguila-Paez drove a vehicle to a location where he picked up another coconspirator, and they traveled together to a preplanned, secondary location where they intended to sell approximately one pound of methamphetamine to a buyer who, unbeknownst to them, was an undercover agent.  In denying Manguila-Paez a § 3B1.2 adjustment, the district court relied on the fact that (1) he understood the nature of the transaction and his role in it, (2) a large quantity of methamphetamine was involved; (3) he was armed in case trouble ensued; and (4) he had previously been involved in drug transactions with one of his codefendants.  The district court did not err in relying on these factors in refusing to grant Manguila-Paez a § 3B1.2 adjustment.  *See United States v. Jimenez*, 687 F. App'x 395, 398 (5th Cir. 2017); *United States v. Ramirez-Esparza*, 703 F. App'x 276, 278, 279 n.3 (5th Cir. 2017).

Moreover, Manguila-Paez has failed to satisfy his burden of establishing the culpability of an average participant and that he was substantially less culpable than the average participant.  *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016).  The district court's finding that Manguila-Paez was not substantially less culpable than the average participant was thus plausible in light of the record as a whole.  § 3B1.2, comment. (n.3(A)); *see Torres-Hernandez*, 843 F.3d at 207.

AFFIRMED.