# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30540
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RANDALL D. BEEBE, also known as Hog, also known as Hoggie,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-125-4

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:*

Randall D. Beebe challenges the denial of a mitigating-role adjustment under Sentencing Guideline 3B1.2 for his sentence, following his guilty plea, of, *inter alia*, 135 months' imprisonment for conspiracy to distribute and possess, with intent to distribute, methamphetamine, and use of a communication facility to facilitate drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30540

Beebe was a member of a drug-trafficking organization involving at least 13 other codefendants.  FBI agents intercepted telephone calls between Beebe and the leader of the organization in which they discussed the leader's selling methamphetamine to Beebe on credit.  The district court based its' denying Beebe a mitigating-role adjustment on, *inter alia*:  his direct interaction with the leader of the conspiracy in purchasing methamphetamine, showing Beebe had knowledge and an understanding of the structure of the conspiracy; the average conspirators' being street-level dealers, with Beebe's functioning in that capacity; and Beebe's criminal record's revealing he had prior convictions for drug-related offenses and was not a "novice" in drug trafficking.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Pursuant to the above standard of review, whether a defendant was a minor or minimal participant is a factual question and, therefore, reviewed only for clear error.  *United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016).  Accordingly, the factual finding for Guideline 3B1.2 purposes "is not clearly erroneous if it is plausible in light of the record as a whole".  *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) (internal quotation omitted).

No. 17-30540

A district court need not expressly weigh each Guideline factor in deciding whether to grant a mitigating-role reduction. *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016). The court should grant the adjustment only when defendant's condition is "*substantially* less culpable than the average participant". U.S.S.G. § 3B1.2 cmt. n.3(A) (emphasis added). The court did not err in relying on the earlier-stated factors in refusing to grant Beebe the adjustment under Guideline 3B1.2. *United States v. Jimenez*, 687 F. App'x 395, 398 (5th Cir. 2017); *United States v. Ramirez-Esparza*, 703 F. App'x 276, 278, 279 n.3 (5th Cir. 2017).

Moreover, Beebe has failed to satisfy his burden of establishing the culpability of, and that he was substantially less culpable than, the average participant. *Castro*, 843 F.3d at 613. The court's finding Beebe was an average participant in the conspiracy was plausible in the light of the record as a whole, and, therefore, not clear error. U.S.S.G. § 3B1.2 cmt. n.3(A); *Torres-Hernandez*, 843 F.3d at 207.

AFFIRMED.